UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-61555-CIV-SINGHAL

DON'T LOOK MEDIA, LLC, a Delaware
Limited Liability Company,

    Plaintiff,

vs.

FLY VICTOR LIMITED, a company incorporated under the Laws of England and Wales, ALYSSUM GROUP LIMITED, a company incorporated under the Laws of England and Wales, ALYSSUM HOLDINGS LIMITED, a company incorporated under the Laws of England and Wales, CLIVE HENRY JACKSON, an individual, BERNADUS VORSTER, an individual, DAN NORTHOVER, an individual, and JOHN DOE[S], an unknown person(s)/corporation(s),

    Defendants.
_____/

## ORDER

**THIS CAUSE** has come before the Court upon Defendants' Joint Omnibus Motion to Dismiss ("Motion to Dismiss") (DE [30]). Defendants' argue the case should be dismissed because the Court lacks personal jurisdiction over the Defendants, the parties agreed to resolve any disputes in the courts of England, and the Plaintiff has failed to state a claim upon which relief could be granted. Plaintiff has filed a memorandum in opposition (DE [32]) and Defendants have submitted a reply memorandum (DE [33]). The matter is, therefore, ripe for review.

**I.     BACKGROUND**

Plaintiff, Don't Look Media, LLC ("Plaintiff"), is a Delaware limited liability corporation with its principal place of business in Broward County, Florida.  Plaintiff filed suit against six known defendants (collectively "all Defendants"), including: Fly Victor Limited ("Fly Victor"), a company incorporated and existing under the laws of England and Wales; Alyssum Group Limited and Alyssum Holdings Limited (collectively "Alyssum"), companies incorporated and existing under the laws of England and Wales; and Clive Henry Jackson ("Jackson"), Bernadus Vorster ("Vorster"), and Dan Northover ("Northover"), individuals residing in England.  Plaintiff's Amended Complaint alleges (1) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") pursuant to 18 U.S.C. 1962(c) (against all Defendants); (2) conspiracy to violate RICO pursuant to 18 U.S.C. 1962(d) (against all Defendants); (3) conversion of Plaintiff's domain, PrivateJet.com (against Fly Victor and Alyssum); (4) fraudulent transfers (against all Defendants); (5) fraudulent misrepresentation (against Fly Victor, Jackson, Vorster, and Northover); (6) negligence (against Fly Victor and Alyssum); (7) breach of fiduciary duty (against Fly Victor); (8) tortious interference with business advantage (against all Defendants); (9) breach of contract (against Fly Victor); (10) unjust enrichment (against unknown additional defendants); and (11) aiding and abetting (against unknown additional defendants).

Plaintiff claims Defendants devised an intentional fraudulent scheme and created a criminal enterprise "to defraud Plaintiff out of potential [sic] tens of millions of dollars of revenue share remunerations."  (Am. Compl. (DE [13]), ¶ 14).  Plaintiff alleges that Jackson, Vorster, Northover, and the unknown additional defendants collaborated during

2

the drafting of the Revenue Sharing Agreement (the "Agreement") to defraud Plaintiff. *See* (Am. Compl. (DE [13]), ¶ 28). Plaintiff further asserts that Alyssum were formed as Fly Victor's parent corporations to insulate and conceal revenue. *See* (Am. Compl. (DE [13]), ¶ 33).

Defendants maintain that this action arises out of a claim for breach of contract solely between Plaintiff and Fly Victor. Defendants explain that Alyssum, Jackson, Vorster, and Northover had no connection or involvement with the Agreement. Defendants move to dismiss as to all defendants for lack of personal jurisdiction and improper venue.

On July 1, 2015, Plaintiff entered into the Agreement with Fly Victor Limited entitled, wherein Fly Victor would provide booking services to Plaintiff through Plaintiff's domain, PrivateJet.com. *See* (Am. Compl. (DE [13]), ¶ 25). The Agreement includes the following choice of law clause:

> **13. Choice of Law**
> 13.1 This Agreement, and any issues or disputes arising out of or in connection with it (whether such disputes are contractual or non-contractual in nature, such as claims in tort, for breach of statute or regulation or otherwise) **shall be governed by and construed in accordance with English law and the parties hereby submit to the exclusive jurisdiction of the English Courts**.

(DE [30-1]), p. 44) (emphasis added). The Agreement also includes a forum-selection clause designating the laws of England as controlling. *See* (DE [30-1]), p. 46) ("This Agreement and any non-contractual obligations arising out of or in connection with it shall be governed by and construed in accordance with the laws of England.").

3

## II.     PERSONAL JURISDICTION

When analyzing a dismissal for lack of personal jurisdiction, "we first determine whether the applicable statute potentially confers jurisdiction over the defendant." *Republic of Pan. v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997).  If a basis exists for exercising jurisdiction, we "then determine whether the exercise of jurisdiction comports with due process."  *Id.*  "When a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction." *Id.* (citations omitted).

### A. Nationwide Service of Process

Defendants move to dismiss for lack of personal jurisdiction, however, Plaintiff claims jurisdiction is conferred under the nationwide service of process provided for under RICO.  Section 1965(d) of Title 18 of the United States Code provides that "[a]ll other process in any action or proceeding under this chapter **may be served on any person in any judicial district in which such person resides, is found, has an agent, or transacts his affairs**."  18 U.S.C. § 1965(d) (emphasis added); *see Lisak v. Mercantile Bancorp, Inc.*, 834 F.2d 668, 671 (7th Cir.1987) (noting that 18 U.S.C. § 1965(d) "creates personal jurisdiction by authorizing service").  "RICO contains a nationwide service-of-process provision," however, a plaintiff "is entitled to take advantage of it only if his 'asserted federal claim is not wholly immaterial or insubstantial.'"  *Courboin v. Scott*, 596 F. Appx. 729, 732 (11th Cir. 2014) (quoting *Republic of Pan.*, 119 F.3d at 941–42.

In order to establish a RICO violation, a plaintiff "must satisfy four elements of proof: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Williams v. Mohawk Indus.*, 465 F.3d 1277, 1282 (11th Cir. 2006) (citations omitted).

4

"These requirements apply whether the RICO claim is civil or criminal in nature." *Id.* In a civil case, a plaintiff "must show (1) the requisite injury to 'business or property,' and (2) that such injury was 'by reason of' the substantive RICO violation." *Id.* at 1283; 18 U.S.C. 1964(c). In its Amended Complaint, Plaintiff alleged all Defendants engaged in "a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(1) and 1961(5), all in violation of 18 U.S.C. 1962(c)" and "conspired to violate section 1962(c) . . . through a pattern of racketeering." (Am. Compl. (DE [13]), ¶ 51; ¶ 89). Upon a review of Plaintiff's Amended Complaint, Plaintiff has not identified any predicate acts that could constitute racketeering activity under RICO. *See Williams*, 465 F.3d at 1283. Plaintiff also did not allege any facts plausibly supporting an inference that all Defendants "conduct[ed] . . . an enterprise." *Id.* at 1283–84. As such, Plaintiff has failed to assert a colorable claim under federal statute and it is not entitled to take advantage of that statute's nationwide service of process provision. *See Republic of Pan.*, 119 F.3d at 941–42.

### B. Due Process Clause

"[T]he Due Process Clause of the Fifth Amendment provides an independent constitutional limitation on the court's exercise of personal jurisdiction over a domestic defendant served pursuant to a federal statute's nationwide service of process provision." *Republic of Pan.*, 119 F.3d at 939. "Even if a statute authorizes nationwide service of process, due process requires that the district court evaluate traditional notions of fairness and reasonableness, by weighing the burdens imposed on the summonsed parties against the federal interest, before exercising personal jurisdiction." *Managed Care Advis. Grp., LLC v. CIGNA Healthcare, Inc.*, 939 F.3d 1145, 1158 (11th Cir. 2019) (citing *Republic of Pan.*, 119 F.3d at 948). Further, a court needs to "balance the federal interest

against the burdens imposed on the summonsed parties only if they have 'established that [their] liberty interests actually have been infringed' and that 'jurisdiction in the forum will make litigation so gravely difficult and inconvenient that [they] unfairly [are] at a severe disadvantage in comparison to [their] opponent.'" *Id.* (quoting *Republic of Pan.*, 119 F.3d at 946, 948).

Plaintiff claims all Defendants are subject to personal jurisdiction, alleging, without specificity, that all Defendants have engaged in substantial and not isolated activities in Florida. Defendants dispute personal jurisdiction over the corporate defendants, Fly Victor and Alyssum, arguing that each is a foreign corporate entity subject incorporated in England and Wales with operations based in London, England and with no connections to Florida. Defendant argues that Plaintiff has failed to assert sufficient facts to substantiate personal jurisdiction over the individual defendants, Jackson, Vorster, and Northover, who reside in England. Defendants further assert that requiring all Defendants, including the unknown additional defendants, to travel from a foreign jurisdiction to defend against a breach of contract claim only Fly Victor is a party to is neither fair nor reasonable.

In this case, the allegations in the Amended Complaint fail to establish even a weak connection to any state. *See, e.g.*, *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295, (1980) (holding the Due Process Clause "does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties, or relations.") (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). Defendants, Fly Victor and Alyssum are foreign entities incorporated in England and Wales, and Defendants, Jackson, Vorster, and

6

Northover, are individuals who are residents of England.  Accordingly, Plaintiff has failed to invoke "nationwide" service over Defendants.

### III.     FORUM-SELECTION CLAUSE

Under general contract principles, the plain meaning of a contract's language governs its interpretation.  *Belize Telecom, Ltd. v. Belize*, 528 F.3d 1298, 1307 & n.11 (11th Cir. 2008).  "The court must look at the contract as a whole, the parties, and the purpose of the agreement to best determine the intent of the parties in interpreting the agreement."  *PNC Bank, Nat'l Ass'n v. GVTG, LLC*, 592 F. Appx. 775, 778 (11th Cir. 2014) (quoting *Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1330 (11th Cir. 2011)).  "If no other contract principles point to a particular meaning, the court will prefer the reasonable interpretation that operates more strongly against the party who drafted the document."  *Slater*, 634 F.3d at 1330.

"A permissive [forum-selection] clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause, in contrast, 'dictates an exclusive forum for litigation under the contract.'"  *Glob. Satellite Commun. Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004) (citations omitted).  Here, the forum-selection clause states "**any issues or disputes** arising out of or in connection with [this Agreement] . . . **shall be governed by and construed in accordance with English law and the parties hereby submit to the exclusive jurisdiction of the English Courts**." (DE [30-1]), p. 44) (emphasis added).  Based on a plain reading of the forum-selection clause agreed to by the parties, the provision is mandatory.  *See Glob. Satellite Commun. Co. v. Starmill U.K. Ltd.*, 378 F.3d at 1272 (finding the use of the

7

"imperative 'shall'" can be "most reasonably interpreted" as mandatory). Thus, the claims arising from the parties' Agreement must be brought in a court in England.

Plaintiff's exclusion of the Agreement in its pleadings does not preclude the applicability or enforceability of the Agreement's forum-selection clause. *See, e.g.*, *Lambert v. Kysar*, 983 F.2d 1110, 1121 (1st Cir. 1993) (holding that a court "cannot accept the invitation to reward attempts to evade enforcement of forum selection agreements through 'artful pleading of [tort] claims' in the context of a contract dispute.") (citations omitted). "Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a "strong showing" that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (citing *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 593–95 (1991); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). Plaintiff has made no such showing. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Joint Omnibus Motion to Dismiss (DE [30]) is **GRANTED** without prejudice for Plaintiff to file suit in the forum agreed to by the parties. The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 5th day of February 2020.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel via CM/ECF